IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAMONT DANTZLER, # R-24578, )
)
      Plaintiff, )
)
vs. ) Case No. 13-cv-1094-MJR
)
RUNGE, DONALD D. GAETZ, )
CHARLES R. PURNELL, TRACY K. LEE, )
and JEANNETTE COWAN, )
)
      Defendants. )

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

      Plaintiff, currently incarcerated at Stateville Correctional Center ("Stateville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claim arose while he was confined at Menard Correctional Center ("Menard"). Plaintiff is serving sentences of 25 years for aggravated battery and vehicle hijacking, as well as lesser sentences for two other convictions. Plaintiff claims that he was issued a false disciplinary ticket and punished with excessive time in segregation. Two of the infractions were later expunged, and the punishment reduced, but that reduction came after Plaintiff had already served out the original segregation time.

      The complaint explains that on September 4, 2009, Defendant Runge (a correctional officer) issued a disciplinary report against Plaintiff, after Plaintiff used profanity when addressing the officer. He was charged with four offenses: Intimidation or Threats (206); Insolence (304); Disobeying a Direct Order (403); and Violation of Rules (404) (Doc. 1, p. 7; Doc. 1-1, pp. 1-2). Plaintiff claims that the relatively serious charge of intimidation/threats was

false and out of proportion to his conduct (he admits having used profanity). The rule violation charge was also untrue. Defendant Runge included these charges "in retaliation" because Plaintiff cursed at him. Further, Defendant Runge included a "false identification number" on the disciplinary ticket – Plaintiff's inmate number was written as "R24598" at the top of the form, when his actual number is "R24578" (Doc. 1, p. 8; Doc. 1-1, p. 1).

Defendants Parnell and Lee (adjustment committee chair/member) conducted a hearing on the disciplinary charges and found him guilty. They were "well aware of the charges being false" and "fail[ed] to give Plaintiff a fair and impartial hearing" (Doc. 1, p. 8). He points out that he was never given a revised copy of the disciplinary report containing the corrected inmate I.D. number, so that he could prepare a defense. After the guilty finding, Plaintiff was given six months in segregation, as well as six months of C-grade, commissary restriction, and yard restriction. Defendant Gaetz (Warden of Menard) approved the guilty finding and the punishment recommended by the committee (Doc. 1, p. 7).

Plaintiff filed a grievance challenging the disciplinary action (Doc. 1-1, p. 4). He argued that the ticket was invalid because it had the incorrect inmate I.D. number, and that his punishment should be reduced to three months because his conduct did not rise to the level of an intimidation or threat. Defendant Runge was in a tower armed with a rifle when Plaintiff yelled and swore at him, so his words could not have caused Defendant Runge to believe that he was in danger of harm from Plaintiff, one of the elements of an intimidation/threat charge. *Id*. Defendant Cowan considered the grievance and recommended it be denied (Doc. 1, p. 9; Doc. 1-1, p. 6).

In May 2010, after Plaintiff had already completed serving the six-month segregation term, the Administrative Review Board and IDOC Director issued a partially

favorable ruling on his grievance (Doc. 1-1, pp. 7-8). They deleted the charges of Intimidation or Threats and Violation of Rules, and as a result, reduced Plaintiff's segregation and other punishments to a duration of only three months.

On August 25, 2010, Plaintiff filed an action in the Illinois Court of Claims (Case No. 11-CC-371; Doc. 1-1, pp. 9-10), seeking compensation for the alleged due process violations that resulted in his being required to serve an extra 90 days in disciplinary segregation (before his punishment was reduced). That case remained pending in the Court of Claims for three years, until it was dismissed on August 27, 2013, for lack of jurisdiction. Plaintiff then filed the instant complaint on October 22, 2013. He seeks compensatory and punitive damages for "retaliation, false imprisonment, cruel and unusual punishment, due process violation, and deliberate indifference" (Doc. 1, p. 7).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Plaintiff's delayed filing of his claim due to the pendency of the Court of Claims action does not appear to bar its consideration at this stage. However, after fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal on the merits.

**False Disciplinary Charge/ Deprivation of a Liberty Interest without Due Process**

In *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984), the Seventh Circuit held that the filing of false disciplinary charges by a correctional officer does not state a Fourteenth Amendment claim when the accused inmate is given a subsequent hearing on those

charges in which the prisoner is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974) (advance written notice of the charge, right to appear before the hearing panel, the right to call witnesses if prison security allows, and a written statement of the reasons for the discipline imposed). The Seventh Circuit reasoned that prisoners have a right "to be free from arbitrary actions of prison officials," *Hanrahan,* 747 F.2d at 1140, but determined that the procedural protections outlined in *Wolff* provided the appropriate protection against arbitrary actions taken by a correctional officer such as issuing the inmate a fabricated conduct violation.

In the instant complaint, Plaintiff states that two of the disciplinary charges (intimidation/threat and violation of rules) were false. Ultimately, he was vindicated when those charges were removed from his record as a result of his grievance. The Administrative Review Board found that the Intimidation charge was "not substantiated" (Doc. 1-1, p. 8). Further, the rule violation charge was deleted because no specific rule infraction was noted on the disciplinary report. *Id*.

Under certain limited circumstances, an inmate punished with segregation may be able to pursue a claim for deprivation of a liberty interest without due process of law. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009). However, those circumstances are not present in the instant case. First, Plaintiff's factual allegations do not show a violation of any *Wolff* procedural due process guarantee during his disciplinary hearing. His complaint that he was not issued a corrected disciplinary report after the error in his inmate I.D. number was noted, does not rise to the level of a *Wolff* violation. Instead, it was a mere technical error of one digit in the I.D. number, as was pointed out in the response to Plaintiff's grievance. The body of the report given to Plaintiff contained the correct I.D. number. Despite one

typographical error in his I.D. number, Plaintiff received adequate notice of the factual basis for the charges against him.

In addition to the *Wolff* factors, due process requires that the decision of the disciplinary committee must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). This was the crux of Plaintiff's argument that the intimidation/threat charge against him was not justified by the circumstances of his conduct. In fact, the decision in May 2010 to delete this September 2009 disciplinary charge and consequently reduce Plaintiff's six months of segregation to three, shows that Plaintiff ultimately received the due process he demanded. Unfortunately, relief did not come as swiftly as he would have preferred.

Even though two of the charges against Plaintiff were found to be unsustainable, he cannot maintain a constitutional claim for deprivation of a protected liberty interest. An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her disciplinary confinement impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997) (in light of *Sandin*, "the right to litigate disciplinary confinements has become vanishingly small"). For prisoners whose punishment includes being put in disciplinary segregation, under *Sandin*, "the key comparison is between disciplinary segregation and nondisciplinary segregation rather than between disciplinary segregation and the general prison population." *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).

The Seventh Circuit has recently elaborated two elements for determining whether disciplinary segregation conditions impose atypical and significant hardships: "the combined import of the duration of the segregative confinement *and* the conditions endured by

the prisoner during that period." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) (emphasis in original). The first prong of this two-part analysis focuses solely on the duration of disciplinary segregation. For relatively short periods of disciplinary segregation, inquiry into specific conditions of confinement is unnecessary. *See Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (56 days); *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997) (70 days) ("a relatively short period when one considers his 12 year prison sentence"). In these cases, the short duration of the disciplinary segregation forecloses any due process liberty interest regardless of the conditions. *See Marion*, 559 F.3d at 698 ("we have affirmed dismissal without requiring a factual inquiry into the conditions of confinement").

In Plaintiff's case, he was confined in segregation only three months longer than he should have been. Three months may be long enough to trigger an inquiry into the conditions of that confinement, if the segregation had been imposed after a procedurally flawed hearing. However, in the context of Plaintiff's total sentence of approximately 47 years,[1] this is doubtful. *See Marion*, 559 F.3d at 697-98 n.2 (70-day segregation period is "relatively short" when viewed in light of the total 12-year prison sentence, citing *Thomas*, 130 F.3d at 761). More to the point, Plaintiff raises no complaints regarding the conditions in his segregation cell that would implicate due process concerns. He alleges only that during his segregation time, he was more isolated, had no access to "organized meaningful activity" such as social/recreational, religious opportunities, group meals, yard, school, gym, television/radio, or commissary privileges (Doc. 1, p. 9). All of these conditions would prevail in either administrative or disciplinary

---

[1] According to the Inmate Search feature of the IDOC website, the duration of Plaintiff's combined sentences is calculated at approximately 47 years, including an estimate for statutory "good time" credits. Website of the Illinois Department of Corrections, Inmate Search page, http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (Last visited November 12, 2013). Plaintiff is serving four individual sentences of 25 years, 25 years, 10 years, and 8 years; some of which are consecutive.

segregation, and none indicate that Plaintiff was subjected to any "atypical" or "significant" hardship in contrast to the ordinary aspects of prison confinement. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

To summarize, the relatively short time that Plaintiff was required to spend in segregation (three months more than he should have served) did not deprive him of a liberty interest without due process. He was not subjected to particularly onerous conditions, and the two "false" conduct charges were deleted from his record as a result of his partially successful grievance. Thus, Plaintiff's complaint does not state a constitutional claim upon which relief may be granted on this basis.

**Retaliation**

Prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000); *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000). However, prison inmates do not have unfettered free speech rights; speech that is disruptive to legitimate concerns for institutional order and discipline may subject an inmate to sanctions without running afoul of the First Amendment. *See Turner v. Safley*, 482 U.S. 78, 89-90 (1987); *Watkins v. Kasper*, 599 F.3d 791, 796-97 (7th Cir. 2010) (inmate law clerk's speech was unprotected where he publicly challenged supervisor's directives in a manner inconsistent with legitimate interests in discipline and prison library administration); *Smith v. Mosley*, 532 F.3d 1270, 1277 (11th Cir. 2008) (insubordinate remarks that are "inconsistent with the inmate's status as a prisoner or with the legitimate penological objectives of the corrections system" are not protected).

In the instant case, Plaintiff claims that Defendant Runge filed disciplinary

charges against him in "retaliation," because Plaintiff used profanity toward him. Under the above authorities, the use of profane language when shouting at a guard in a public area of the prison cannot be viewed as protected speech. A constitutional claim for retaliation will only arise if adverse action is taken against an inmate who engaged in protected activity. Plaintiff's use of profanity was not entitled to constitutional protection, thus the disciplinary charges he incurred do not give rise to a sustainable retaliation claim.

**Other Claims**

None of the allegations in Plaintiff's complaint suggest a viable constitutional claim for cruel and unusual punishment or deliberate indifference. Nor does he state a claim for "false imprisonment," as he is incarcerated based on court judgments finding him guilty of four felonies. In conducting its preliminary merits review under § 1915A, the Court is obligated to accept factual allegations as true. *See Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011). However, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Plaintiff's complaint does not go beyond the bare conclusory statement that he was subjected to the above Eighth Amendment violations (Doc. 1, p. 7). As noted in the above discussion of Plaintiff's due process claim, he does not allege that the conditions of his confinement in segregation caused him to suffer any deprivations that might give rise to an Eighth Amendment claim.

Plaintiff's complaint fails to state any constitutional claim upon which relief may be granted, and the action shall be dismissed with prejudice.

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for

failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 2, 2013**

s/ MICHAEL J. REAGAN
United States District Judge